IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | Consolidated Under MDL Docket No. 875-Maritime Docket (MARDOC) |
| WILLARD E. BARTEL, Admrs. for MANUEL S. CAMPOS, Deceased, | Case No. 2:11CV31053 |
| Plaintiff, | |
| VS. | |
| A-C PRODUCT LIABILITY TRUST, et al., | |
| Defendants. | |

### MOTION FOR SUMMARY JUDGMENT (LACK OF CAUSATION) OF SHIPOWNER DEFENDANTS REPRESENTED BY THOMPSON HINE LLP

Pursuant to Rule 56, Fed. R. Civ. P., Shipowner Defendants represented by Thompson Hine LLP, as identified in the defendant list attached as Attachment A (collectively "Shipowner Defendants"), move for summary judgment with regard to Plaintiff's claims because no co-worker witness has been identified in regard to the time of Plaintiff's Decedent aboard vessels operated by Shipowner Defendants and, therefore, Plaintiff cannot prove causation. A supporting Memorandum is attached.

Respectfully submitted,

/s/ *Harold W. Henderson*
Harold W. Henderson (# 0019056)
Richard C. Binzley (# 0006969)
Susan K. Dirks (# 0081630)
THOMPSON HINE LLP
3900 Key Center, 127 Public Square
Cleveland, OH  44114-1291
(216) 566-5500 (phone)
(216) 566-7970 (fax)
Hal.Henderson@ThompsonHine.com
Dick.Binzley@ThompsonHine.com
Susan.Dirks@ThompsonHine.com
*Attorneys for Shipowner Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)** | **Consolidated Under MDL Docket No. 875-Maritime Docket (MARDOC)** |
| **WILLARD E. BARTEL, Admrs. for MANUEL S. CAMPOS, Deceased,** | **Case No. 2:11CV31053** |
| Plaintiff, | |
| VS. | |
| **A-C PRODUCT LIABILITY TRUST, et al.,** | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
(LACK OF CAUSATION) OF SHIPOWNER DEFENDANTS
REPRESENTED BY THOMPSON HINE LLP**

**INTRODUCTION**

The complaint filed on behalf of the personal representatives of Manuel S. Campos ("Decedent") asserts claims under the Jones Act and general maritime law for injuries allegedly arising out of Decedent's exposure to asbestos-containing products while working aboard vessels owned and/or operated by the Shipowner Defendants and others.

Decedent was not deposed prior to his death. Since exposure to asbestos cannot be presumed, Plaintiff must rely on co-worker testimony regarding Decedent's alleged exposure to asbestos-containing products while working aboard vessels owned and/or operated by the Shipowner Defendants. Pursuant to Paragraphs 8 and 10 of the Case Management Order for this Group and Paragraph 5(b) of the Court's Order of April 18, 2012, plaintiffs must identify co-workers who will testify in each plaintiff's case by the close of fact discovery. Plaintiff has failed to identify any co-workers who will testify as to Decedent's alleged exposure to asbestos-

containing products while working aboard vessels owned and/or operated by Shipowner Defendants and, thus, cannot prove causation as to the foregoing Shipowner Defendants. Expert testimony cannot cure the absence of co-worker eyewitness testimony placing plaintiff in regular and frequent proximity to friable asbestos materials. Accordingly, Shipowner Defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

The death certificate reflects Decedent died on August 11, 1998. (Death Certificate; Exhibit 1 to Riemer Decl., Attachment B.)

Per the Supplement of Co-Worker Witness Disclosure, no co-workers are identified for the Shipowner Defendants represented by Thompson Hine LLP that are listed in Attachment A. (Supplement of Co-Worker Witness Disclosure; Exhibit 2 to Riemer Decl., Attachment B.)[1]

## LAW AND ARGUMENT

**I.    EXPOSURE TO ASBESTOS CANNOT BE PRESUMED.**

In a Jones Act case, the mere showing that asbestos was present somewhere aboard a vessel where plaintiff's decedent worked is insufficient to prove causation. *Jackson v. A-C Product Liab. Trust,* 622 F.Supp.2d 641, 644 (N.D. Ohio 2009) (citing *Stark v. Armstrong World Indus.,* 21 Fed. Appx. 371, 376 (6th Cir. 2001)). Specifically, a seaman's "*[e]xposure [to asbestos] cannot be presumed* merely because he worked on board a vessel where asbestos materials were located." *Id.* (emphasis added).

---

[1] Plaintiff cannot rely on the testimony of co-workers disclosed after the Court's disclosure deadline because the Court already has denied Plaintiff's request to disclose co-worker witnesses beyond the June 12, 2012 deadline. (June 15, 2012 Order, Doc. 1213) (denying plaintiffs' motion for an extension of time to supplement witness disclosures for certain Group 1 and 2 cases and noting that "[w]itness disclosures were originally due months ago in [Groups 1 and 2], [the Court's] order dated April 18, 2012 (Doc. 1156) provided almost two months' additional time, and plaintiffs' motion was filed on the date the disclosures were due.")

In *Jackson v. A-C Product Liab. Trust,* the plaintiff brought unseaworthiness and Jones Act claims alleging that her husband had died as a result of occupational exposure to asbestos during his work as a seaman aboard ships and in shipyards. 622 F.Supp.2d at 641. Although the jury entered a verdict in favor of the plaintiff on the Jones Act claim, the Court found that a new trial was warranted because the verdict was based on inadequate inferences of asbestos exposure, and improper expert hypotheticals and testimony. *Id.* at 641. The decedent's general statements that the asbestos pipes on several ships would have created dust *if* he had been called to repair a leak was "too tenuous" to prove causation and indeed, was insufficient evidence of his specific exposure or the frequency or level of any exposure. *Id.* at 645.

Further, the Court found that in regard to expert testimony, the plaintiff's use of hypotheticals based on facts found nowhere in the evidence was improper. Plaintiff was not allowed to pose hypothetical questions that are not based on facts in evidence to expert witnesses in an effort to "shore up inadequate exposure evidence with unsupported expert testimony." *Id.* at 647. Thus, the Court rejected the plaintiff's attempt to offer expert opinions based on hypotheticals involving *assumed* exposure to asbestos. *Id.*

In this case, Plaintiff's Decedent was not deposed prior to his death and no co-workers have been identified who are able to offer eyewitness testimony regarding Decedent's alleged exposure to friable asbestos aboard the vessels operated by Shipowner Defendants. As a result, Plaintiff cannot prove causation against them and they are entitled to judgment as a matter of law.

## CONCLUSION

The material facts in this case are undisputed. Plaintiff has no co-worker testimony in regard to Decedent's alleged exposure to asbestos aboard vessels operated by the Shipowner

Defendants identified in Attachment A and exposure to asbestos may not be presumed.  As a result, Plaintiff cannot prove causation and the Shipowner Defendants are entitled to judgment as a matter of law.

    Respectfully submitted,

    /s/ *Harold W. Henderson*
    Harold W. Henderson (# 0019056)
    Richard C. Binzley (# 0006969)
    Susan K. Dirks (# 0081630)
    THOMPSON HINE LLP
    3900 Key Center, 127 Public Square
    Cleveland, OH  44114-1291
    (216) 566-5500 (phone)
    (216) 566-7970 (fax)
    Hal.Henderson@ThompsonHine.com
    Dick.Binzley@ThompsonHine.com
    Susan.Dirks@ThompsonHine.com
    *Attorneys for Shipowner Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, a copy of the foregoing paper was filed with the Court and served electronically this day and is available for viewing from the Court's ECF (Electronic Case Filing) system to all counsel of record and to those registered to receive a Notice of Electronic Filing for this case.

Notice of this filing will be sent to all counsel of record via the Court's ECF system.

*/s/ Harold W. Henderson*
*Attorney for Shipowner Defendants*

11711833